The employee will not be covered until 6 months after starting date.

(B) Said UFCW Local 174 Commercial Health Care Fund shall be jointly administered by the Employer and the Union and the principal and income thereof shall be used for the sole and exclusive benefit of the employees of the of Employers contributing thereto, and for the employees of the Union, the UFCW Local 174 Commercial Pension Fund and this Fund (provided contributions are made on their behalf), and the families and dependents including the administration and maintenance of said Fund. The Trustees are authorized to invade and expend the principal of the Fund, if necessary, to provide benefits to the employees, their families and their dependents.

(C) The said UFCW Local 174 Health Care Fund shall have its principal office in the Borough of Manhattan, City and State of New York and shall be administered by a Board of Trustees consisting of an equal number of Employer and Union Trustees in accordance with the Amended and Restated Agreement and Declaration of Trust, dated December 17, 1975, as amended.

(D) The Employer agrees to continue to make contributions to the Health Care Fund for not less than one (1) month on behalf of any employee of the Employer who is disabled, injured in an accident, or suffering from an illness which prevents said employee from working for said Employer.

(E) The Employer hereby agrees to accept the Employer Trustees of the Health Care Fund who may be selected as is provided in this Article as its representatives in the joint administration of said Fund.

(F) It is agreed between the Employer and the Union that should the Employer fail to comply with the terms of this Section, that the Union shall have the right to order a work stoppage of the employees of the Employer, and that such a work stoppage shall not be a breach of this Agreement.

~~(A) The Employer agrees to contribute monthly, in the first week of each month, to both the UFCW Local 174 Commercial Healthcare Fund (Plan A) and to the Local 1245 Benefit Plan Administration the following sums per employee per month for all covered employees who have worked at any time during the month after six (6) months of employment~~

~~Family Plan~~
~~Effective July 1, 2003           $590.00 per month~~
~~Effective July 1, 2004           $590.00 per month~~
~~Effective July 1, 2005           $590.00 per month~~

~~Single Plan~~
~~Effective July 1, 2003        $271.00 per month~~
~~Effective July 1, 2004        $295.00 per month~~
~~Effective July 1, 2005        $334.00 per month~~

~~(B) Said contributions will be allocated between the two Funds as follows:~~

~~(a) UFCW Local 174 Commercial Health Care~~

~~Family Plan~~
~~Effective July 1, 2003        $458.00 per month~~
~~Effective July 1, 2004        $508.00 per month*~~
~~Effective July 1, 2005        $558.00 per month*~~

~~*Rates may be increased by up to $25.00 per month in accordance with a call-up to all contributing Employers.~~

~~Single Coverage~~
~~Effective July 1, 2003        $271.00 per month~~
~~Effective July 1, 2004        $295.00 per month*~~
~~Effective July 1, 2005        $334.00 per month*~~

~~*Rates may be increased by up to $25.00 per month in accordance with a call-up to all contributing Employers.~~

~~(b) Local 1245 Benefit Plan Administration~~

~~Family Plan~~
~~Effective July 1, 2003        $132.00 per month~~
~~Effective July 1, 2004        $ 82.00 per month*~~
~~Effective July 1, 2005        $ 32.00 per month*~~

~~*Rates may be decreased as a result of a call-up from the 174 plan.~~

~~(C) It is intended that the Employer continue its contribution into the UFCW Local 174 Commercial Health Care Fund and that the employees covered thereunder receive benefits from that Fund in accordance with the contribution rate, the UFCW Local 174 Commercial Health Care Fund (Plan A), and this Collective Bargaining Agreement.~~

~~(D) It is intended that additional contribution to the Local 1245 Benefit Plan Administration establish the Employer's rights and obligations as a contributing Employer to that~~

- 10 -

~~Plan. The parties intend that Employer shall, on or before July 1, 2006, withdraw from coverage and contribution to the UFCW Local 174 Commercial Health Care Fund and contribute fully at the then effective contribution rate to the Local 1245 Benefit Plan Administration with its employees receiving coverages under the Local 1245 Benefit Plan Administration in accordance with that Plan and this Collective Bargaining Agreement. The contributions made by this Employer to the Local 1245 Benefit Plan Administration during the term of this Collective Bargaining Agreement shall be applied as a credit to the Employer's contribution rate at the time the Employer withdraws from the UFCW Local 174 Commercial Health Care Fund and effects coverage under the Local 1245 Benefit Plan Administration.~~

~~(E) In the event the Trustees of the Local 1245 Benefit Plan Administration do not permit this Employer to contribute towards coverage on behalf of its eligible employees, any funds paid under this paragraph to the Local 1245 Benefit Plan Administration shall be refunded to the Employer without interest at such time.~~

## ARTICLE 14 - PENSION FUND

(A) The Employer agrees to contribute monthly within the first week of each calendar month, to the UFCW Local 174 Pension Fund, the following sums per employee per month for all covered employees who have worked at any time during the month after one (1) year of service: $80.00.

(B) The said Local 174 Commercial Pension Fund shall have its principal office in the county of New York, City and State of New York, and shall be administered by a Board of Trustees consisting of an equal number of Employer and Union Trustees in accordance with the Amended and Restated Agreement and Declaration of Trust, dated December 17, 1975, as amended.

(C) Said UFCW Local 174 Commercial Pension Fund shall be jointly administered and the principal and income thereof shall be used for the sole and exclusive benefit of the employees of the employers contributing thereto and for the employees of the Union, the Local 174 Commercial Health Care Fund and this Fund (provided contributions are made on their behalf), and for the payment of all expenses including the administration and maintenance of said Fund. Benefits provided shall be based upon accepted actuarial standards and practices, and in accordance with the Amended and Restated Agreement and Declaration of Trust, the Pension Plan (as amended) and any by-laws, rules and regulations which have been or may hereafter be adopted by the Board of Trustees, and any and all amendments hereto.

## ARTICLE 15 - CONTRIBUTIONS DEFAULT

(A) If the Employer is delinquent or defaults in any contribution or payment due to the

- 11 -

Health Care or Pension Fund, any party to this Agreement, including the Trustees of the Funds to which the contributions are due may initiate action to collect the debt, in which event the Employer shall pay, in addition to the contributions due, all costs and expenses incurred by the initiating party in arbitration and/or court, or in other action and in the enforcement of any award or judgment including but not limited to, reasonable counsel fees, accountants or auditors fees, disbursements, and interest at the rate of 12% per annum to real persons and 20% per annum to corporate entities.

(B) Notwithstanding any other provision of this Agreement, the parties specifically agree that any claim for failure by any Employer to pay any contribution due under this Agreement to any fund may be made and submitted for arbitration by any party hereto and/or by the Trustees of any Fund to which contributions are to be made pursuant to the provisions of this Agreement upon at least twenty (20) days written notice by certified mail to the last address of the Employer on record with the office of the Fund to which contributions are due and to George Sabatella, P.O. Box 245/254 Neptune Station, Brooklyn, NY 11224 as Arbitrator or to such other Arbitrators the parties here to may select. The award of the arbitrator shall be final and binding and enforceable in any court of competent jurisdiction.

(C) The Trustees shall have the authority to audit the payroll books and records of the Employer, either directly or through a qualified public accountant, as they may deem necessary in the administration of the Trust Fund. Such audit may be undertaken pursuant to a routine program or on an individual basis. Whenever an audit is authorized, the Employer involved shall make available to the Trustees, or the qualified public accountant designated by them, its payroll books and records. Such books and records shall include (a) all records which the Employer may be required to maintain under Section 209 (a) (1) of the Employee Retirement Income Security Act of 1974, and (b) time cards, payroll journals, payroll check registers, canceled payroll checks, copies of the Employer's federal, state and local payroll tax report, and all other documents and reports that reflect the hours and wages, or other compensation, of the employees or from which such can be verified. In the event the audit discloses that the Employer has not paid contributions as required by the collective bargaining agreement, the Employer shall be liable for the costs of the audit. The Trustees shall have the authority, however, to waive all or part of such costs for good cause shown.

(D) It is recognized and acknowledged by all parties, including the Employer, that the prompt and accurate payment of contributions is essential to the maintenance of an employee benefit trust fund and the benefit plans and that it would be extremely difficult, if not impossible, to fix the actual expense and damage to the Trust Fund that would result from the failure of an employer to pay the required contributions within the time provided. Therefore, if any employer shall be delinquent in the payment of contributions, such Employer shall be liable, in addition, for liquidated damages of twenty percent (20%) of the amount of the contributions which are owned or twenty-five ($25.00) dollars, whichever is greater. The Trustees shall have the